## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

                                                **5:02cr5-RH**

**vs.**

**REYNALDO HERNANDEZ-REYES,**

   **Defendant.**

_____/

## ORDER ON ADDENDUM TO RESPONSE

   The undersigned long ago entered an order appointing counsel.  Doc. 109.  The order addressed Defendant's pro se notice of appeal, which was clearly untimely and was later dismissed by the Eleventh Circuit as untimely.  Doc. 115.

   The court noted that Defendant had until December 9, 2002, to file a timely notice of appeal, and had one year from that date to file a 28 U.S.C. § 2255 motion.  Doc. 109, p. 2.  The Federal Public Defender was appointed to represent Defendant in a § 2255 proceeding, with the § 2255 motion to be filed no later than December 8, 2003.  *Id.*

Counsel filed a response to order appointing counsel on December 8, 2003.

Doc. 117.

> After reviewing the record, after reviewing transcripts of the change-of-
> plea hearing and two sentencing hearings, after reviewing the transcript of
> a telephone conference held on July 15, 2002, in which attorney Russell
> K. Ramey was substituted as counsel for the Federal Public Defender, as
> well as speaking with both of Defendant's previous attorneys, Elizabeth
> Timothy and Russell K. Ramey, and having a brief telephonic conversation
> with Defendant . . . through the services of an interpreter, the under-
> signed attorney for the Federal Public Defender's Office, files this
> Response and concludes after consideration of the foregoing that there
> exists no grounds for a petition for relief under 28 U.S.C. § 2255.

*Id.*, p. 1.

The response to order appointing counsel summarizes the prior proceedings,

and the claims asserted in Defendant's pro se notice of appeal.  Doc. 117, pp. 2-5.[1]

"With the exception of the speedy trial issue," it is argued, "all the other points have

been covered already," and there was no speedy trial violation.  *Id.*, p. 5.

Counsel then filed an addendum to the response, asking the court to accept the

attached pro se § 2255 motion as an addendum.  Doc. 118.  The § 2255 motion itself

contains no grounds in support, but in the attached pages Defendant claims ineffective

assistance of counsel at sentencing.  He contends that counsel should have requested

a downward departure based on role in the offense, pursuant to U.S.S.G. 3B1.2(a),

because Defendant was a "simple driver."  Doc. 118, attachment (first handwritten

page).  He also argues that counsel should have requested a reduction under the safety

valve.  *Id.* (second handwritten page).

---

[1] Pages 5 and 6 of the response were mistakenly numbered 2 and 3.

These claims are unsupported.  Section 3B1.2(a) authorizes a four level decrease in the offense level for a minimal participant, but there is no indication that Defendant was entitled to a reduction.  PSR, ¶ ¶ 11, 19 (no for basis aggravating or mitigating role adjustment); Doc. 112, pp. 29 (Government argument that Defendant "facilitated the entire deal, linking the purchaser with the source," and said that it would not have happened without him, "driving people around and making introductions"); 33-35 (court noting difficulty in determining relative culpability, Defendant was "higher in the distribution chain," which sometimes can mean less responsibility but, "[o]ther things being equal, people higher in the chain are generally more culpable than people lower in the chain;" also noting that Defendant's difficulty with English should neither be held against him nor afford more favorable treatment).  Additional argument in an attempt to minimize Defendant's role would probably not have been successful, and could well have resulted in loss of credit the court granted with misgivings, *infra*.

The claim that counsel failed to seek safety valve sentencing is simply incorrect. Defendant was sentenced without regard to the ten year statutory maximum under the "safety valve,"[2] and also received a two level reduction to his offense level pursuant to § 2D1.1(b)(6).  PSR ¶ ¶ 17, 47-49, 70-72.  The Government objected, but the court overruled the objection "[w]ith considerable misgivings."  Doc. 112, p. 22.  This resulted in a sentence range of 108-135 months.  *Id.*, pp. 22-23; PSR ¶ ¶ 48, 72.  Again with "substantial misgivings," the court sentenced Defendant at the low end of his guidelines

---

[2] If a defendant meets certain criteria, the safety valve allows the court to impose a sentence pursuant to the sentencing guidelines, without regard to the statutory minimum.  18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

range, noting that there were grounds for doubting whether Defendant had accepted responsibility.  *Id.*, pp. 29-34.[3]

Counsel has not supported Defendant's pro se claims with any argument, and it appears counsel would not have asserted the claims but for receipt of the pro se motion.  As § 2255 claims, these arguments are not in the nature of an addendum to a response which is not a § 2255 motion; indeed the response finds no good faith basis for a § 2255 motion.  Defendant may not have been aware of this at the time he sent the pro se document to counsel.

If the court construes the purported "addendum" as a § 2255 motion and denies it on the merits, authorization from the court of appeals will be necessary for the filing of a second or successive motion.  Defendant should therefore be given an opportunity to withdraw the motion or amend it to incorporate all available claims.[4]  *See* Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (if court recharacterizes pro se motion as initial § 2255 motion, must warn movant of intent to do so and its consequences, and provide an opportunity to withdraw or amend the motion).

Counsel should consult with Defendant and explain to him his options.  If Defendant wishes to withdraw his § 2255 addendum, counsel shall file the appropriate

---

[3] Defendant received a three level decrease for acceptance of responsibility. PSR, ¶ 22.  *See also* doc. 112, p. 32 (noting that Defendant had received "significant time off of this sentence" for acceptance of responsibility, but there were now "substantial grounds to doubt that Mr. Hernandez-Reyes has accepted responsibility for what he did.").

[4] Whether additional claims would be timely under the one year limitations period of § 2255 is another matter.

motion.[5]  If Defendant wishes to proceed under § 2255 and counsel cannot in good faith present § 2255 claims on Defendant's behalf, he should move to withdraw.[6]  *Cf.* Local Rule 11.1(D) (person represented by counsel shall not thereafter take any step be heard pro se in the case).

Accordingly, it is **ORDERED**,

Counsel shall have until **July 1, 2005**, to consult with Defendant and either file a motion to withdraw the addendum or a motion to withdraw as counsel.

**DONE AND ORDERED** on June 6, 2005.


  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] If the addendum is withdrawn, then there is no motion (§ 2255 or otherwise) pending.

[6] If counsel withdraws, Defendant will be directed to file additional argument pro se.

5:02cr5-RH